UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NEW YORK

In re:                                              Case No.:

The Diocese of Buffalo, N.Y.,                       Chapter 11

    Debtor.

The Diocese of Buffalo, N.Y.,

    Plaintiff,

                                            Adversary Proceeding No.:

v.

The Continental Insurance Company, Employers
Insurance Company of Wausau (formerly known as
Employers Insurance of Wausau A Mutual Company
formerly known as Employers Mutual Liability
Insurance Company of Wisconsin), Wausau
Underwriters Insurance Company, Selective Insurance
Company of America (formerly known as Exchange
Mutual Insurance Company), National Union Fire
Insurance Company Of Pittsburgh, PA, Fireman's Fund
Insurance Company, Catholic Mutual Group, and
The National Catholic Risk Retention Group,

    Defendants.

## COMPLAINT

Plaintiff and Debtor The Diocese of Buffalo, N.Y. (the "Diocese"), by and through its attorneys, Blank Rome LLP and Bond, Schoeneck & King PLLC, brings this Complaint against The Continental Insurance Company ("CNA"), Employers Insurance Company of Wausau (formerly known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) ("Employers Wausau"), Wausau Underwriters Insurance Company ("Wausau Underwriters"), Selective Insurance Company of

America (formerly known as Exchange Mutual Insurance Company) ("Selective"), National Union Fire Insurance Company Of Pittsburgh, PA ("National Union"), Fireman's Fund Insurance Company ("Fireman's Fund"), Catholic Mutual Group ("Catholic Mutual"), and The National Catholic Risk Retention Group ("National Catholic") (collectively, the "Insurers" or "Defendants") and alleges as follows:

## BACKGROUND

1. This is an action against the Diocese's Insurers for breach of contract and declaratory judgment, seeking damages and a declaration of the rights, duties, and liabilities of the parties pursuant to the terms of certain insurance policies and/or certificates. Further, this is an action seeking declaratory relief to determine the extent of the rights of the above-named Debtor in said insurance policies and/or certificates and the extent to which those rights may be property of the estate under 11 U.S.C. § 541.

2. Effective August 14, 2019, the New York State Legislature enacted the Child Victims Act ("CVA"), which allows claimants to file and pursue previously time-barred claims alleging sexual abuse. Prior to the CVA, the statute of limitations prevented claimants from asserting such claims.

3. As a result of the CVA, multiple claims and suits alleged that the Diocese is liable for damages stemming from its purported negligence in connection with the alleged sexual abuse injuries (the "Underlying Actions and Claims").

## THE PARTIES

4. The Diocese is a not-for-profit religious corporation, existing under the laws of the State of New York, with the episcopal see and principal place of business in Buffalo, New York. The Diocese was established on April 23, 1847 by Pope Pius IX and encompasses eight counties in western New York.

2

155760.00601/122286552v.3
Case 1-20-01009-CLB, Doc 1, Filed 02/28/20, Entered 02/28/20 15:52:12, Description: Main Document, Page 2 of 12

5. Upon information and belief, CNA is a corporation organized under the laws of Pennsylvania, with its principal place of business located in Chicago, Illinois. Upon information and belief, CNA merged with Commercial Insurance Company of Newark, New Jersey, an underwriting company, and acquired responsibility for insurance policies that cover the Diocese of Buffalo for certain time frames during which the underlying claimants allege abuse.

6. Upon information and belief, Employers Wausau is a corporation organized under the laws of Wisconsin, with its principal place of business in Boston, Massachusetts. Upon information and belief, Employers Wausau is formerly known as Employers Insurance of Wausau A Mutual Company, which was formerly known as Employers Mutual Liability Insurance Company of Wisconsin. Additionally, upon information and belief, Employers Wausau operates in the State of New York and sold insurance policies and/or certificates providing coverage to the Diocese for certain time frames during which the underlying claimants allege abuse.

7. Upon information and belief, Wausau Underwriters is a corporation organized under the laws of Wisconsin, with its principal place of business in Boston, Massachusetts. Upon information and belief, Wausau Underwriters operates in the State of New York and sold insurance policies and/or certificates providing coverage to the Diocese for certain time frames during which the underlying claimants allege abuse.

8. Upon information and belief, Selective is a corporation organized under the laws of New Jersey, with its principal place of business in Branchville, New Jersey. Upon information and belief, Selective is formerly known as Exchange Mutual Insurance Company, which sold insurance policies providing coverage to the Diocese for certain time frames during which the underlying claimants allege abuse. Additionally, upon information and belief, Selective operates in the State of New York.

9. National Union is a corporation organized under the laws of Pennsylvania with its

3

155760.00601/122286552v.3
Case 1-20-01009-CLB, Doc 1, Filed 02/28/20, Entered 02/28/20 15:52:12, Description: Main Document, Page 3 of 12

principal place of business in Harrisburg, Pennsylvania. Upon information and belief, National Union is licensed to operate in the State of New York. Upon information and belief, National Union operates in the State of New York and sold insurance policies and/or certificates providing coverage to the Diocese for certain time frames during which the underlying claimants allege abuse.

10. Fireman's Fund is a corporation organized under the laws of California with its principal place of business in Chicago, Illinois. Upon information and belief, Fireman's Fund operates in the State of New York and sold insurance policies and/or certificates providing coverage to the Diocese for certain time frames during which the underlying claimants allege abuse.

11. Upon information and belief, Catholic Mutual is a corporation organized under the laws of Nebraska, with its principal place of business in Omaha, Nebraska. Upon information and belief, Catholic Mutual operates in the State of New York and sold insurance policies and/or certificates providing coverage to the Diocese for certain time frames during which the underlying claimants allege abuse.

12. Upon information and belief, National Catholic is a corporation organized under the laws of Vermont, with its principal place of business in Burlington, Vermont. Upon information and belief, National Catholic operates in the State of New York and sold insurance policies and/or certificates providing coverage to the Diocese for certain time frames during which the underlying claimants allege abuse.

## JURISDICTION AND VENUE

13. On or about February 28, 2020, the Diocese filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

14. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Diocese continues to

4

155760.00601/122286552v.3
Case 1-20-01009-CLB, Doc 1, Filed 02/28/20, Entered 02/28/20 15:52:12, Description: Main Document , Page 4 of 12

operate and manage its property as a debtor-in-possession.

15. This Court has personal jurisdiction over each Defendant because each Defendant has sufficient contacts with the State of New York. Further, each otherwise availed itself of the markets of New York.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1334(b) because this is an action between citizens of different states and the amount in controversy exceeds $75,000.

17. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 insofar as it seeks to determine the extent and nature of the interests of the bankruptcy estate in certain policies and/or certificates and rights under said policies and/or certificates of insurance, under 11 U.S.C. § 541.

18. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and 1391(b) because a substantial part of the events or omissions giving rise to the dispute occurred in this District, including the issuance of the respective insurance policies and/or certificates at issue.

## THE INSURANCE POLICIES

19. Upon information and belief, at various times from at least 1973 to the present, in consideration of premiums paid by the Diocese, or parishes or Diocesan corporations on its behalf as an additional named insured, the Insurers, among others, sold or acquired responsibility for primary general liability insurance policies and/or certificates sold to the Diocese, as well as certain umbrella and/or excess liability policies and/or certificates (the "Insurance Policies").

20. Upon information and belief, each of the Insurance Policies requires the Insurers to pay on behalf of the Diocese all sums that the Diocese becomes legally obligated to pay as a result of bodily injury, as long as any part of the injury took place, and with regard to certain Insurance Policies a claim was made, during the policy period.

155760.00601/122286552v.3
Case 1-20-01009-CLB, Doc 1, Filed 02/28/20, Entered 02/28/20 15:52:12, Description: Main Document, Page 5 of 12

21. Upon information and belief, each of the Insurance Policies also requires the Insurers to pay defense costs and expenses, including attorney's fees, incurred by the Diocese in the investigation and defense of the Underlying Actions and Claims. This obligation applies even if the allegations against the Diocese are groundless, false, or fraudulent.

22. Upon information and belief, the Diocese, or parishes or Diocesan corporations on its behalf as an additional named insured, timely paid all premiums due under the Insurance Policies.

## THE UNDERLYING ACTIONS

23. The Underlying Actions and Claims contain allegations against the Diocese. The claimants in the Underlying Actions and Claims allege that the Diocese was negligent and the claimants suffered injuries resulting from alleged sexual abuse.

24. The Diocese has fulfilled all of its duties and conditions under each of the Insurance Policies, including timely notifying Defendants of the Underlying Actions and Claims and at all times cooperating with the Insurers' reasonable requests.

25. The Diocese is entitled to all benefits provided by the Insurance Policies.

26. The Underlying Actions and Claims are covered by the Insurance Policies.

27. The Insurers have failed to acknowledge their full coverage obligations to (a) defend or pay for the defense of the Diocese and/or (b) indemnify the Diocese, including the funding of any past and future settlements or judgments, in connection with the Underlying Actions and Claims, despite the Diocese's timely request that they do so.

28. By failing to acknowledge their full coverage obligations to defend and/or indemnify the Diocese in connection with some or all of the Underlying Actions and Claims, the Insurers have breached their contractual obligations to the Diocese. Consequently, an actual and justiciable claim exists as to all Insurers named as Defendants in this action.

6

155760.00601/122286552v.3
Case 1-20-01009-CLB, Doc 1, Filed 02/28/20, Entered 02/28/20 15:52:12, Description: Main Document, Page 6 of 12

# COUNT I

## Declaratory Judgment Against All Insurers– Duty to Defend

29. The Diocese repeats and realleges each and every allegation contained in paragraphs 1 through 29 above with the same force and effect as though fully set forth herein.

30. The Diocese seeks a judicial determination of the rights and duties of the Diocese and the Insurers with respect to an actual controversy arising out of the Insurance Policies.

31. Pursuant to the terms of the Insurance Policies, each of the Insurers is obligated to pay in full the expenditures made by the Diocese to defend itself against the Underlying Actions and Claims.

32. The Insurers have refused to accept their legal obligations to pay in full for the Diocese's defense of some or all of the Underlying Actions and Claims.

33. Each of the Insurers' refusal to defend the Diocese constitutes a breach of the Policies.

34. An actual controversy of a justiciable nature presently exists between the Diocese and the Insurers concerning the proper construction of the Insurance Policies and the rights and obligations of the parties thereto with respect to the Diocese's defense costs attributable to some or all of the Underlying Actions and Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

35. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

7

155760.00601/122286552v.3
Case 1-20-01009-CLB, Doc 1, Filed 02/28/20, Entered 02/28/20 15:52:12, Description: Main Document , Page 7 of 12

## COUNT II

### Breach of Contract Against All Insurers Seeking Damages – Duty to Defend

36. The Diocese repeats and realleges each and every allegation contained in paragraphs 1 through 36 above with the same force and effect as though fully set forth herein.

37. The Diocese has incurred and may continue to incur substantial damages in the form of costs to defend itself against the Underlying Actions and Claims for which each of the Insurers is responsible pursuant to the terms of the Insurance Policies.

38. The Insurance Policies are valid and enforceable contracts providing insurance coverage for the damages incurred by the Diocese.

39. The Diocese has given timely notice to each of the Insurers of the Underlying Actions and Claims.

40. The Diocese substantially performed all material obligations on its part to be performed under the Insurance Policies.

41. Each of the Insurers has refused to accept its legal obligations to pay the Diocese's defense costs in response to some or all of the Underlying Actions and Claims.

42. Each of the Insurers' failure to defend the Diocese constitutes a breach of the Insurance Policies.

43. As a direct and proximate result of each of the Insurers' breach of the Insurance Policies, the Diocese is suffering and will continue to suffer damages equal to the sums it would be entitled to recover as benefits under the Insurance Policies.

155760.00601/122286552v.3

Case 1-20-01009-CLB, Doc 1, Filed 02/28/20, Entered 02/28/20 15:52:12, Description: Main Document , Page 8 of 12

# COUNT III

## Declaratory Judgment Against All Insurers– Duty to Indemnify

44. The Diocese repeats and realleges each and every allegation contained in paragraphs 1 through 44 above with the same force and effect as though fully set forth herein.

45. The Diocese seeks a judicial determination of the rights and duties of the Diocese and the Insurers with respect to an actual controversy arising out of the Insurance Policies.

46. Pursuant to the terms of the Insurance Policies, each of the Insurers is obligated indemnify the Diocese for, or pay on its behalf, all sums that the Diocese becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Underlying Actions and Claims.

47. The Insurers have refused to accept their legal obligations to indemnify the Diocese for the total sums that the Diocese is legally obligated to pay as a result of some or all of the Underlying Actions and Claims.

48. Each of the Insurers' refusal to indemnify the Diocese constitutes a breach of the Policies.

49. An actual controversy of a justiciable nature presently exists between the Diocese and the Insurers concerning the proper construction of the Insurance Policies and the rights and obligations of the parties thereto with respect to the Underlying Actions and Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

50. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

155760.00601/122286552v.3

## COUNT IV

**Breach of Contract Against All Insurers Seeking Damages – Duty to Indemnify**

51. The Diocese repeats and realleges each and every allegation contained in paragraphs 1 through 51 above with the same force and effect as though fully set forth herein.

52. The Diocese incurred damages in the form of costs to pay settlements and/or judgments in the Underlying Actions and Claims for which each of the Insurers is responsible pursuant to the terms of the Insurance Policies.

53. The Policies are valid and enforceable contracts providing insurance coverage for the damages incurred by the Diocese.

54. The Diocese has given timely notice of the Underlying Actions and Claims.

55. The Diocese substantially performed all material obligations on its part to be performed under the Insurance Policies.

56. Each of the Insurers has refused to accept its legal obligations to provide coverage for the Diocese in response to some or all of the Underlying Actions and Claims.

57. Each of the Insurers' failure to indemnify the Diocese constitutes a breach of the Insurance Policies.

58. As a direct and proximate result of each of the Insurers' breach of the Insurance Policies, the Diocese is suffering and will continue to suffer damages equal to the sums it would be entitled to recover as benefits under the Insurance Policies.

## PRAYER FOR RELIEF

**WHEREFORE**, the Diocese prays for judgment as follows:

1. On Count I, the Diocese requests that this Court enter a declaratory judgment in favor of the Diocese against each of the Insurers, declaring that each of the Insurers is severally and indivisibly obligated to pay the costs of defending the Diocese against the Underlying Actions

155760.00601/122286552v.3

and Claims, together with attorneys' fees and costs and pre-judgment interest;

2. On Count II, the Diocese requests that this Court enter a judgment in favor of the Diocese and severally and indivisibly against each of the Insurers, and award compensatory damages in an amount to be determined at trial, as well as pre-judgment and post-judgment interest on those amounts of defense costs which each of the Insurers wrongfully refused to pay the Diocese, together with attorneys' fees and costs;

3. On Count III, the Diocese requests that this Court enter a declaratory judgment in favor of the Diocese against each of the Insurers, declaring that each of the Insurers is severally obligated to indemnify the Diocese for any judgments and/or settlements attributable to the Underlying Actions and Claims, together with attorneys' fees and costs and pre-judgment interest;

4. On Count IV, the Diocese requests that this Court enter a judgment in favor of the Diocese and severally against each of the Insurers, and award compensatory damages in an amount to be determined at trial, as well as pre-judgment and post-judgment interest on those amounts of indemnity costs which each of the Insurers wrongfully refused to pay the Diocese, together with attorneys' fees and costs;

5. Additionally, the Diocese requests such other and further relief as this Court may deem just and proper.

## JURY DEMAND

The Diocese requests a trial by jury on any issue so triable.

Dated: February 28, 2020

Respectfully submitted,

BOND, SCHOENECK & KING PLLC

By: /s/
Stephen A. Donato
Charles J. Sullivan
Brian J. Butler
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8336
Facsimile: (315) 218-8100
sdonato@bsk.com
csullivan@bsk.com

BLANK ROME LLP

By: /s/
James R. Murray
Jared Zola
Robyn L. Michaelson
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 885-5209
Facsimile: (917) 591-8538
jmurray@blankrome.com
jzola@blankrome.com
rmichaelson@blankrome.com

BLANK ROME LLP
James S. Carter
(*pro hac vice* application to be submitted)
Blank Rome LLP
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-3409
Facsimile: (202) 420-2201
jscarter@blankrome.com

*Counsel for The Diocese of Buffalo, N.Y.*

12

155760.00601/122286552v.3
Case 1-20-01009-CLB, Doc 1, Filed 02/28/20, Entered 02/28/20 15:52:12, Description: Main Document , Page 12 of 12