UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------
In re
    THE DIOCESE OF BUFFALO, N.Y.,                  BK 20-10322 CLB

                 Debtor                           <u>DECISION & ORDER</u>
-------------------------------------------------------

THE DIOCESE OF BUFFALO, N.Y.,

          Plaintiff,                          AP 20-1009 CLB

  v.

THE CONTINENTAL INSURANCE COMPANY,
EMPLOYERS INSURANCE COMPANY OF WAUSAU
(FORMERLY KNOWN AS EMPLOYERS INSURANCE
OF WAUSAU A MUTUAL COMPANY FORMERLY
KNOWN AS EMPLOYERS MUTUAL LIABILITY
INSURANCE COMPANY OF WISCONSIN), WAUSAU
UNDERWRITERS INSURANCE COMPANY, SELECTIVE
INSURANCE COMPANY OF AMERICA (FORMERLY
KNOWN AS EXCHANGE MUTUAL INSURANCE
COMPANY), NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, FIREMAN'S FUND
INSURANCE COMPANY, CATHOLIC MUTUAL GROUP,
AND THE NATIONAL CATHOLIC RISK RETENTION GROUP,

          Defendants.
-------------------------------------------------------

                 Jeffrey A. Dove, Esq.
                 Barclay Damon LLP
                 Barclay Damon Tower
                 125 East Jefferson Street
                 Syracuse, New York 13202
                 Attorney for The Continental Insurance Company

                 Craig Goldblatt, Esq.
                 Wilmer Cutler Pickering Hale & Dorr LLP
                 1875 Pennsylvania Avenue NW
                 Washington, District of Columbia 20006
                 Attorney for The Continental Insurance Company

David Attisani, Esq.
J.P. Jaillet, Esq.
Choate Hall & Stewart LLP
2 International Place
Boston, Massachusetts 02110
Attorneys for The Continental Insurance Company

Jeffrey L. Kingsley, Esq.
Jonathan Schapp, Esq.
Goldberg Segalla LLP
665 Main Street
Buffalo, New York 14203
Attorneys for Employers Insurance Company of Wausau

Stephen A. Donato, Esq.
Charles J. Sullivan, Esq.
Grayson T. Walter, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, New York 13202-1355
Attorneys for The Diocese of Buffalo, N.Y.

James R. Murray, Esq.
Jared Zola, Esq.
Robyn L. Michaelson, Esq.
Blank Rome LLP
1271 Avenue of the Americas
New York, New York 10020
Attorneys for The Diocese of Buffalo, N.Y.

Ilan D Scharf, Esq.
James I. Stang, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
Ste 34th Floor
New York, New York 10017
Attorneys for Official Committee of Unsecured Creditors

Bucki, Chief U.S.B.J., W.D.N.Y.

In the above referenced adversary proceeding, the debtor seeks a declaratory judgment determining the availability of coverage under insurance

policies issued by eight defendants. Two of these defendants now ask the Court to abstain from considering the matter and to dismiss the complaint. One of the defendants further requests that the Court grant relief from the automatic stay of 11 U.S.C. § 362, to allow it to proceed with a state court action seeking a similar determination of coverage liability.

The Diocese of Buffalo, N.Y., filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2020. In papers filed on April 30, 2020, counsel for the Diocese represented that the precipitating cause of the bankruptcy was "an influx of lawsuits naming the Diocese as a defendant with respect to claims arising from alleged sexual abuse following New York State's enactment of the Child Victims Act (the 'CVA'), as well as the threat of additional actions and claims based on alleged sexual abuse." Enacted on February 14, 2019, the CVA reopened New York's Statute of Limitations to allow abuse victims an additional year starting on August 14, 2019, to assert abuse claims that were otherwise barred by the passage of time. 2019 N.Y. Sess. Laws c.11, § 3. Prior to commencement of this bankruptcy proceeding, more than 200 actions alleging sexual abuse were filed against the Diocese. The Diocese predicts that more than 400 individual claimants will eventually seek compensation for sexual abuse.

On October 3, 2019, The Continental Insurance Company ("Continental") filed a complaint against the Diocese in the Supreme Court for Erie County, New York, wherein it sought a declaratory judgment determining the scope of its obligations under various insurance policies. Pursuant to 11 U.S.C. § 362, proceedings in that state court action were stayed upon the commencement of bankruptcy proceedings on February 28, 2020. On that same date, the Diocese also filed the present adversary proceeding seeking similar declaratory relief as against Continental and seven other insurance companies, including Employers Insurance Company of Wausau ("Wausau").

Three motions are now before this Court. Pursuant to 28 U.S.C. § 1334(c)(1), Continental in its first motion asks that we abstain from exercising jurisdiction over the adversary proceeding and dismiss the complaint. A second motion by Continental seeks an order granting stay relief to allow it to continue its action in state court. Wausau filed the third motion. Similar to the first motion by Continental, the Wausau motion asks that we abstain from considering and dismiss the debtor's adversary proceeding. Both the Diocese and the Official Committee of Unsecured Creditors oppose all three of these motions.

Continental's motion to lift the automatic stay is based on 11 U.S.C. § 362(d)(1), which provides that the Court may grant this relief "for cause." In the present context, such cause can arise only if the state court provides a more appropriate forum for addressing the issue of insurance coverage. Essentially, therefore, the stay motion and the two abstention motions all involve the same issue, namely whether this Court or state court is better positioned at this time to make progress in achieving a resolution.

In their abstention motions, Wausau and Continental ask the Court to exercise permissive abstention under 28 U.S.C. § 1334(c)(1). They argue that the dispute regarding insurance coverage is more appropriately left to state court for reasons that include the following: that issues of state law will dominate the ultimate decision; that abstention will avoid any issue regarding the core jurisdiction of the Bankruptcy Court; and that state court can more effectively focus on the coverage dispute. At this moment, we need not decide all of the questions that these arguments suggest. In particular, the Court does not today decide whether the coverage controversy is a core matter for purposes of jurisdiction. *See* 28 U.S.C. § 157(b). Rather, the fundamental problem with the arguments of Continental and Wausau is that they narrowly focus on a disagreement between carrier and insured, without concern for the broader need to achieve an effective reorganization and the expeditious resolution of the rights of all parties in interest.

The parties have directed the Court's attention to a twelve part test that many courts have applied when considering permissive abstention. *See Baker v. Simpson*, 413 B.R. 38, 45 (E.D.N.Y. 2009); *Alcantar v. Twin Laboratories, Inc. (In re Twin Laboratories, Inc.)*, 300 B.R. 836, 841 (S.D.N.Y. 2003); *In re Palumbo*, 556 B.R. 546, 553-54 (Bankr. W.D.N.Y. 2016). After giving due consideration to all of these factors, we find that one question must predominate. How will abstention affect the efficient administration of the bankruptcy estate? In the present context, the concern of efficient administration must necessarily focus on the essential purpose of this bankruptcy proceeding, namely to facilitate a successful reorganization that allows a just and expeditious compensation to creditors, and in particular, to the victims of sexual abuse.

Documents filed by the debtor suggest the possibility if not the likelihood of insolvency. In the voluntary petition filed on February 28, the Diocese broadly estimated that it had liabilities between $50,000,001 and $ 100,000,000, but that its assets had a value less than the lowest range of that estimate. Moreover, before those assets become available for distribution to pre-petition creditors, the bankruptcy estate must first address administrative claims such as legal expenses incurred on behalf of the Diocese and the Official Committee of Unsecured Creditors. The Court intends fully to monitor expenses and to adopt reasonable procedures to enhance efficiencies.[1] Nonetheless, this is a complex case. Based on the experiences in the cases of other Catholic Dioceses, we can anticipate that a significant portion of the debtor's assets will be expended on costs of representation. Moreover, the longer that the litigation process continues, the greater is the risk that legal costs will consume the debtor's assets, thereby leaving less to contribute to payment of creditors. Because the monetary resources of the debtor are not without limit, the availability of insurance becomes an important and critical factor in determining the direction of this case.

---

[1] For example, the judiciary's response to the Covid-19 pandemic has suggested techniques like telephonic appearances that the Court may encourage even after the risks of personal appearances have subsided.

Time is an essential consideration in the administration of this case. Creditors deserve an expeditious resolution of their claims. Like all debtors, the Diocese needs as quickly as is reasonably possible to propose a plan that will allow it to reorganize. But the development of a plan and the payment of creditors is not possible without a determination of the existence or absence of insurance. With regard to abstention, the central issue is whether a prompt determination of coverage is more likely here in bankruptcy or in state court.

Although Continental started an action in state court to determine the limits of insurance coverage, no judge has yet been assigned to the case. Even if one were to be assigned, that judge would have only a secondary awareness of the urgency of a decision. On the other hand, the Bankruptcy Court is keenly familiar with the circumstances that compel prompt but deliberate consideration. By retaining jurisdiction, the Bankruptcy Court is better able to monitor discovery, to promote good faith settlement discussions, and to establish a schedule for the more timely resolution of any dispute that the parties are unable to resolve by settlement. After weighing all of these considerations, the Court finds that the retention of jurisdiction will advance the interests of creditors and of the bankruptcy estate.

A second reason for the denial of abstention arises from the need for openness and access to direct participation by all affected parties. Ultimately, issues of insurance coverage will affect the recoveries that abuse victims are likely to receive. For this reason, the involvement of creditors and of the Creditors Committee is essential, particularly with regard to settlement negotiations. In state court, Continental's action sought to resolve a coverage dispute between an insurance carrier and the Diocese. In Bankruptcy Court, the Committee of Creditors and affected creditors can readily engage in the litigation process. In particular, no settlement can occur without notice to abuse victims and an opportunity to be heard. By retaining jurisdiction, this Court is better positioned to assure accessible

participation by all interested parties.

The insurance companies have questioned whether the debtor's adversary proceeding is a matter of core jurisdiction that this Court can adjudicate. This concern is premature, however, and should be addressed only after a failure of efforts to first negotiate a settlement. Accordingly, the decision of the Court shall be without prejudice to a renewal of the motions at a future time.

The Court has also considered the other arguments of the movants and finds them unpersuasive. After a careful review, we also find that the debtor's complaint is adequately clear. Accordingly, the alternative request of Wausau under Bankruptcy Rule 7012 and Federal Rule of Civil Procedure 12(e) for a more definite statement is denied.

For all of the reasons stated herein, this Court will deny the motions of The Continental Insurance Company and of Employers Insurance Company of Wausau for abstention and dismissal of the above referenced Adversary Proceeding. Further, the motion of The Continental Insurance Company for stay relief is also denied.

So ordered.

Dated: May 19, 2020  
Buffalo, New York

_____  
Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.



FILED  
MAY 19 2020  
BANKRUPTCY COURT  
BUFFALO, NY